UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| William Kostroun,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Heavy, Inc.,<br><br>　　　　　　Defendant. | Case No:<br><br>JURY TRIAL DEMAND |

**COMPLAINT**

Plaintiff William Kostroun ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant Heavy, Inc. ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Plaintiff created a series of photographs (hereinafter referred to collectively as the "*Photographs*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Upon information and belief, Defendant is a digital media company that delivers sports news and information across various sports leagues including the NFL, NBA, and MLB, Founded in 1999 and is based in New York, New York, Defendant markets to sports enthusiasts seeking updates and insights in the sports industry.

4. In furtherance of its business, Defendant owns and operates a website at www.heavy.com (the "*Website*").

5. Defendant, without permission or authorization from Plaintiff, actively displayed the Photographs on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

1

**PARTIES**

6. Plaintiff William Kostroun is an individual who is a citizen of the State of New Jersey and maintains a principal place of business in Bergen County, New Jersey.

7. Upon information and belief, defendant Heavy, Inc., is a Delaware corporation with a principal place of business at 330 West 38th Street #1002, New York in New York County, New York.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

10. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**FACTS COMMON TO ALL CLAIMS**

**A.   Plaintiff's Copyright Ownership**

11. Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

12. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

13. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

14. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

15. On December 9, 2023, Plaintiff first published a photograph of professional National Football League player Joe Tippmann ("*Photograph 1*"). A copy of Photograph 1 is

2

attached hereto collectively as Exhibit 1.

16. On January 16, 2024, Photograph 1 was registered by the USCO under Registration No. VA 2-385-051.

17. On September 8, 2024, Plaintiff first published a photograph of professional National Football League player Daniel Jones ("*Photograph 2*"). A copy of Photograph 2 is attached hereto collectively as Exhibit 1.

18. On September 18, 2024, Photograph 2 was registered by the USCO under Registration No. VA 2-413-662.

19. On September 8, 2024, Plaintiff first published a photograph of professional National Football League coach Brain Daboll ("*Photograph 3*"). A copy of Photograph 3 is attached hereto collectively as Exhibit 1.

20. On September 18, 2024, Photograph 3 was registered by the USCO under Registration No. VA 2-413-662.

21. On October 16, 2024, Plaintiff first published a photograph of professional National Football League player Mike Williams ("*Photograph 4*"). A copy of Photograph 4 is attached hereto collectively as Exhibit 1.

22. On December 7, 2024, Photograph 4 was registered by the USCO under Registration No. VA 2-426-788.

23. In creating the Photographs, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the images and made each and every artistic determination necessary for the creation of the works.

24. Plaintiff published the Photographs by commercially licensing them to the New York Post for the purpose of display and/or public distribution.

25. Plaintiff created the Photographs with the intention of them being used commercially and for the purpose of display and/or public distribution.

B.     **Defendant's Infringing Activity**

26.     Defendant is the registered owner of the Website and is responsible for its content.

27.     Defendant is the operator of the Website and is responsible for its content.

28.     The Website is a key component of Defendant's popular and lucrative commercial enterprise.

29.     The Website is monetized in that it contains paid advertisements and, on information and belief, Defendant profits from these activities.

30.     The Website is monetized in that it offers subscription services to the public and, on information and belief, Defendant profits from these activities.

31.     Upon information and belief, Defendant is a sophisticated media company which owns a portfolio of digital assets and has advanced operational and strategic expertise in an industry where copyright is prevalent.

32.     Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific journalistic practices including the need to ensure that images used in their articles, advertisements and posts have been properly licensed.

33.     Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

34.     Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

35.     Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

36.     On or about May 27, 2024, without permission or authorization from Plaintiff, Defendant volitionally displayed Photograph 1 on the Website as part of an on-line story at URL: https://heavy.com/sports/nfl/new-york-jets/aaron-rodgers-joe-tippmann-message/ ("*Infringement*

4

1"). A copy of a screengrab depicting Infringement 1 on the Website is attached hereto collectively as Exhibit 2.

37. On or about September 11, 2024, without permission or authorization from Plaintiff, Defendant volitionally displayed Photographs 2-3 on the Website as part of an on-line story at URL: https://heavy.com/sports/nfl/new-york-giants/golden-tate-daniel-jones-biggest-problem/ ("*Infringements 2-3*"). Copies of screengrabs depicting Infringements 2-3 on the Website are attached hereto collectively as Exhibit 2.

38. On or about October 19, 2024, without permission or authorization from Plaintiff, Defendant volitionally displayed Photograph 4 on the Website as part of an on-line story at URL: https://heavy.com/sports/nfl/new-york-jets/pittsburgh-steelers-mike-williams-nfl-trade/ ("*Infringement 4*"). A copy of a screengrab depicting Infringement 4 on the Website is attached hereto collectively as Exhibit 2.

39. The Infringements are displays of Plaintiff's original images that were directly copied and displayed on the Website by Defendant.

40. Upon information and belief, the Photographs were displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photographs.

41. The Infringements include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

42. Upon information and belief, Defendant takes an active and pervasive role in the content posted on the Website, including, but not limited to copying, posting, selecting, commenting on, and/or displaying images including but not limited to Plaintiff's Photographs.

43. Upon information and belief, Defendant directly contributes to the content posted on the Website by, *inter alia*, directly employing reporters, authors, and editors as its agents, including but not limited to New York Jets Digital Reporter Paul Esden, Jr. and Contributing

Writer James Dudko (hereinafter referred to collectively as the "*Employees*").

44. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they created the Infringements.

45. Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they created the Infringements.

46. Upon information and belief, the Photographs were willfully and volitionally posted to the Website by Defendant.

47. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements were apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

48. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

49. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Website.

50. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on the Website and exercised and/or had the right and ability to exercise such right.

51. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

52. Upon information and belief, the Infringements increased traffic to the Website and, in turn, caused Defendant to realize an increase in its business revenues.

53. Upon information and belief, a large number of people have viewed the unlawful displays of the Photographs on the Website.

54. Upon information and belief, Defendant at all times had the ability to stop the display of Plaintiff's copyrighted material.

55. Defendant's use of the Photographs harmed the actual market for the Photographs.

56. Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

57. On September 10, 2024, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

58. Thereafter, on October 10, 2024, January 15, 2025, February 13, 2025, February 14, 2025, and March 17, 2025, Plaintiff, via counsel, served a follow up letter seeking to address said complaints directly with Defendant in attempt to avoid litigation.

59. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, Defendant failed to respond, and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

60. Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

61. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

**FIRST COUNT**
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

62. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

63. The Photographs are original, creative works in which Plaintiff owns valid copyrights.

64. The Photographs are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

65. Plaintiff has not granted Defendant a license or the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

66. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

67. Defendant's display of the Photographs constitutes willful copyright infringement.

68. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photographs without Plaintiff's consent or authority.

69. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

70. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

71. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

**JURY DEMAND**

72. Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the

        Photographs by displaying them without a license or consent;

b.     for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.     for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.     for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.     for pre-judgment interest as permitted by law; and

f.     for any other relief the Court deems just and proper.

DATED: April 11, 2025

                                              **SANDERS LAW GROUP**

                                              By:    */s/ Craig Sanders*
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 130748

*Attorneys for Plaintiff*